UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STANLEY L. FELTON,
*now known as G'ESA KALAFI*,

        Plaintiff,

v.                                           Case No. 24-cv-1489-pp

KEN DAWSON, *et al.*,

        Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING THE FILING FEE (DKT. NO. 17)**

On March 31, 2025, the court adopted Magistrate Judge Dries's recommendation, dismissed the plaintiff's amended complaint for failure to state a claim and entered judgment. Dkt. Nos. 10, 11. The plaintiff appeals the judgment, dkt. no. 12, and moves for leave to proceed with his appeal without prepaying the appellate filing fee, dkt. no. 17.

Under the Prison Litigation Reform Act, an incarcerated person must pay the applicable filing fees in full for a civil case. 28 U.S.C. §1915(b). If an incarcerated person does not have the money to pay the $605.00 filing fee in advance for an appeal, he can request the court for permission to proceed without prepayment. For the court to consider such a request, the incarcerated person must complete a petition and affidavit and return it to the court, along with a certified copy of his institutional trust account statement showing transactions for the prior six months. 28 U.S.C. §1915(a)(2). The court must assess an initial partial filing fee of twenty percent of the average monthly

deposits to the plaintiff's institutional account or average monthly balance in the account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. §1915(b)(1).

After the plaintiff pays the initial fee, he must make monthly payments of twenty percent of the preceding month's income until he pays the filing fee in full. 28 U.S.C. §1915(b)(2). The agency that has custody of the plaintiff will collect the money and send payments to the court.

There are three grounds for denying an incarcerated appellant's request to proceed without prepaying the filing fee: the incarcerated person has not shown that he is indigent, the incarcerated person filed the appeal in bad faith or the incarcerated person has three strikes. See 28 U.S.C. §§1915(a)(2)–(3), (g). The court finds that the plaintiff has established that he is indigent and that he has not accrued three strikes. That leaves only the question of whether the plaintiff filed this appeal in good faith.

A district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219–20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal taken in bad faith is one that is based on a frivolous claim, which means it is based on a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

The court does not find any indication that the plaintiff did not take this appeal in good faith. The court will grant his motion for leave to proceed on appeal without prepaying the filing fee.

The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his notice of appeal. A review of this information reveals that the plaintiff must pay an initial partial filing fee of **$58.63**, as well as additional payments under 28 U.S.C. §1915(b)(2). Newlin v. Helman, 123 F.3d 429, 434 (7th Cir. 1997), rev'd on other grounds by Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000), and Lee, 209 F.3d 1025.

The court **GRANTS** the plaintiff's motion for leave to proceed on appeal without prepayment of the filing fee. Dkt. No. 17.

The court **ORDERS** that by the end of the day on **June 9, 2025**, the plaintiff shall forward to the Clerk of Court the sum of **$58.63** as the initial partial filing fee for this appeal. If the clerk does not receive that amount by the end of the day on June 9, 2025, the court of appeals may dismiss the appeal. The plaintiff must identify the payment by the case name and number.

The court **ORDERS** that after the initial filing fee has been paid, the agency having custody of the plaintiff shall collect from his institution trust account the $546.37 balance of the filing fee by collecting monthly payments from the plaintiff's institutional trust account in an amount equal to 20% of the preceding month's income credited to his institutional trust account and forwarding payments to the Clerk of Court each time the amount in the

account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another institution—county, state or federal—the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Green Bay Correctional Institution, where the plaintiff is confined.

The court will electronically provide a copy of this order to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, through the court's electronic case filing system.

Dated in Milwaukee, Wisconsin this 9th day of May, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**